PHILLIP A. TALBERT
Acting United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

AUG 2 6 2016

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN LEE CO, <br><br> Defendant. | CASE NO. **2 1 6 - CR - 1 6 7 TLN** <br><br> VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud (8 counts); 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering (3 counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture |

### I N F O R M A T I O N

COUNTS ONE THROUGH EIGHT: [18 U.S.C. § 1343 – Wire Fraud]

The United States Attorney charges: T H A T

### KEVIN LEE CO,

defendant herein, as follows:

### I. INTRODUCTION

1.      At all relevant times, Holt of California ("Holt") was the exclusive dealer of Caterpillar Inc. equipment and machinery in sixteen Northern California counties. Holt's corporate headquarters was located in Pleasant Grove, Sutter County, in the State and Eastern District of California.

2.      KEVIN LEE CO was employed by Holt from in or around 2006, through on or about April 17, 2015. From in or around 2009, until his termination from the company on or about April 17,

1  2015, CO served as Holt's controller. In that role, CO was responsible for managing Holt's accounting
2  department.

3       3.      At all relevant times, Bank of the West was a financial institution that was insured by the
4  Federal Deposit Insurance Corporation. For its commercial clients, Bank of the West offered credit
5  accounts, which the bank's clients used to pay their respective operating expenses. These accounts
6  served as an alternative to traditional accounts payable systems, allowing commercial clients to route
7  their respective operating expenses through a single Bank of the West credit account. These accounts
8  were called Purchasing Card ("P-Card") accounts. The P-Card account holder was called the end user.
9  Individual employees of the bank's client to whom cards were issued and who were authorized, or
10 purportedly authorized, to use the cards to make purchases on the company's behalf were known as
11 cardholders.

12      4.      At all relevant times, Holt was a P-Card end user. From in or around 2009, until on or
13 about April 17, 2015, CO was responsible for managing Holt's P-Card account. CO reviewed monthly
14 P-Card statements and invoices. CO approved the issuance of P-Cards for Holt employees. CO was
15 also a P-Card cardholder.

16      5.      At all relevant times, SortUsACar was a luxury auto dealer, broker and consignment
17 business. It was located in Sacramento, in the State and Eastern District of California. Individual A
18 owned and operated SortUsACar.

19                              II. SCHEME TO DEFRAUD

20      6.      Beginning on a date unknown, but no later than in or around May 2008, and continuing
21 until approximately in or around March 2015, in the State and Eastern District of California, and
22 elsewhere, CO did knowingly devise and participate in a material scheme and artifice to defraud Holt,
23 and to obtain money and property from Holt by means of false and fraudulent material representations,
24 pretenses, and promises.

25                              III. MANNER AND MEANS

26      7.      CO used the Holt P-Card assigned to him to purchase goods and services. CO knew that
27 these transactions were not for any Holt business-related purpose, and that Holt did not authorize the
28 transactions.

INFORMATION                                     2

1    8.    CO conducted unauthorized transactions with Holt P-Cards assigned to him and former

2 Holt employees.  SortUsACar was the payee for approximately $500,000 of these transactions.

3 Individual A retained a portion of the funds obtained through the Holt P-Card transactions with

4 SortUsACar.  Individual A also gave CO a portion of the proceeds of the SortUsACar transactions

5 conducted with Holt P-Cards.  CO knew that the Holt P-Card transactions that he and Individual A

6 conducted with SortUsACar were not authorized by Holt.

7    9.    CO obtained a Holt P-Card for Individual B.  Individual B was not a Holt employee.  CO

8 and Individual B made approximately $49,000 in purchases with Individual B's and CO's P-Cards.  CO

9 knew that these transactions were not for any Holt business-related purpose, and that Holt did not

10 authorize the transactions.

11    10.    As a result of CO's conduct, CO and co-schemers defrauded Holt of approximately $4.8

12 million.

13                    IV.  INTERSTATE WIRE COMMUNICATIONS

14    11.    On or about the dates set forth below, in the State and Eastern District of California, and

15 elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and

16 artifice to defraud, CO did knowingly cause to be transmitted by means of wire in interstate commerce,

17 the writings, signs, signals and sounds specified below:

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

| Count | Description | Date |
|-------|-------------|------|
| 1 | Bank of the West P-Card transaction using credit card assigned to CO, payable to Precision Lawn & Garden, in the amount of $7,200, initiated in Sacramento County, California, and processed electronically in Colorado | 11/26/2011 |
| 2 | Bank of the West P-Card transaction using credit card assigned to Former Holt Employee A, payable to SortUsACar in the amount of $8,960, initiated in Sacramento, California, and processed electronically in Colorado | 2/28/2013 |
| 3 | Bank of the West P-Card transaction using credit card assigned to CO, payable to the Sacramento Kings in the amount of $42,240, initiated in Sacramento, California, and processed electronically in Colorado | 6/28/2013 |
| 4 | Bank of the West P-Card transaction using credit card assigned to CO, payable to SortUsACar in the amount of $8,200, initiated in Rocklin, California, and processed electronically in Colorado | 7/4/2013 |
| 5 | Bank of the West P-Card transaction using credit card assigned to CO, payable to SortUsACar in the amount of $9,450, initiated in Pleasant Grove, California, and processed electronically in Colorado | 12/18/2013 |
| 6 | Bank of the West P-Card transaction using credit card assigned to Former Holt Employee A, payable to SortUsACar in the amount of $7,850, initiated in Sacramento, California, and processed electronically in Colorado | 12/18/2013 |
| 7 | Bank of the West P-Card transaction using credit card assigned to CO, payable to SortUsACar in the amount of $9,285, initiated in the Eastern District of California and processed electronically in Colorado | 8/12/2014 |
| 8 | Bank of the West P-Card transaction using credit card assigned to CO, payable to The Fitness Outlet in the amount of $3,782.93, initiated in Roseville, California, and processed electronically in Colorado | 3/21/2015 |

All in violation of Title 18, United States Code, Section 1343.

COUNTS NINE THROUGH ELEVEN: [18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering]

The United States Attorney charges: T H A T

KEVIN LEE CO,

defendant herein, as follows:

1.      The allegations contained in paragraphs one through eight of Counts One through Eight are realleged and incorporated herein.

2.      At all relevant times, Wells Fargo Bank, N.A. was a commercial bank insured by the Federal Deposit Insurance Corporation.

3.      On or about the dates set forth below, in the State and Eastern District of California, CO and Individual A conducted the financial transactions described below, which affected interstate and

foreign commerce and involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and that while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Financial Transaction | Date |
|-------|----------------------|------|
| 9 | Transfer of check number 1342, which was payable to CO in the amount of $4,200, and drawn on SortUsACar's Wells Fargo Bank account number xxxxxx4720 | 11/16/2013 |
| 10 | Transfer of check number 1343, which was payable to CO in the amount of $4,800, and drawn on SortUsACar's Wells Fargo Bank account number xxxxxx4720 | 11/16/2013 |
| 11 | Transfer of check number 1359, which was payable to CO in the amount of $4,500, and drawn on SortUsACar's Wells Fargo Bank account number xxxxxx4720 | 12/19/2013 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

FORFEITURE ALLEGATION:        [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1.        Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Information, defendant KEVIN LEE CO shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

        a.  Real property located at 3731 Clubhouse Court, Rocklin, California,

             APN: 376-030-022, and

        b.  A money judgment in the amount of $4,894,551.61.

2.        Upon conviction of one or more of the offenses alleged in Counts Nine through Eleven of this Information, defendant KEVIN LEE CO shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such violations, and any property traceable to such property, including but not limited to the following:

        a.      A sum of money equal to the amount of money involved in the offenses, for

INFORMATION                                          5

1   which defendant is convicted.

2       3.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

3   through Eleven of this Information, for which defendant is convicted:

4               a.      cannot be located upon the exercise of due diligence;

5               b.      has been transferred or sold to, or deposited with, a third party;

6               c.      has been placed beyond the jurisdiction of the court;

7               d.      has been substantially diminished in value; or

8               e.      has been commingled with other property which cannot be divided without

9                       difficulty;

10  it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c),

11  incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value

12  of the property subject to forfeiture.

                                                        PHILLIP A. TALBERT
13  Dated:  August 26, 2016                             Acting United States Attorney

14

15                                          By:  _____
                                                 BRIAN A. FOGERTY
16                                               Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

    INFORMATION                              6

**United States v. KEVIN LEE CO**
**Penalties for Information**

**COUNTS 1-8:**        KEVIN LEE CO

VIOLATION:        18 U.S.C. § 1343 – Wire Fraud            $2 16 - CR - 7 6 7$  TLN  --:

PENALTIES:        A maximum of up to 20 years in prison; or
                  Fine of up to $250,000; or both fine and imprisonment
                  Supervised release of not more than 5 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 9-11:**        KEVIN LEE CO

VIOLATION:        18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering

PENALTIES:        A maximum of up to 20 years in prison; or
                  Fine of up to $500,000 or twice the value of the property involved in the transaction; or
                  both fine and imprisonment
                  Supervised release of not more than 5 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**

VIOLATION:        18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) – Criminal
                  Forfeiture

PENALTIES:        As stated in the charging document