PHILLIP A. TALBERT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-167 |
| Plaintiff, | SUPPLEMENTAL PLEA AGREEMENT |
| v. | COURT:  Hon. Troy L. Nunley |
| KEVIN LEE CO, | |
| Defendant. | |

## I.    **INTRODUCTION**

### A.    <u>Scope of Agreement.</u>

The superseding information in this case charges the defendant with violation of 18 U.S.C. § 1014 – False Statement.  On December 8, 2016, the defendant pleaded guilty to an information charging violations of 18 U.S.C. § 1343 – Wire Fraud, and 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering, pursuant to a written plea agreement.  ECF No. 16.  Since pleading guilty to the foregoing offenses, the defendant breached the original plea agreement by committing the crime charged in the superseding information while on release pending sentencing.  This document now contains additional terms to supplement the original plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case, which the defendant has now breached.  The defendant is still obligated to comply with the terms of the original plea agreement,

SUPPLEMNETAL PLEA AGREEMENT                1

except where those terms are modified or superseded in this document.  This supplemental plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.**   **Court Not a Party.**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including the conduct underlying the charges in the original information and activities which may not have been charged in the superseding information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   **DEFENDANT'S OBLIGATIONS**

**A.**   **Guilty Plea.**

The defendant will plead guilty to the sole count of the superseding information, violation of 18 U.S.C. § 1014, False Statements.  The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this supplemental plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

SUPPLEMNETAL PLEA AGREEMENT          2

1  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)
2  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this
3  Agreement generally.

4          1.     Waiver of Indictment:

5       The defendant acknowledges that under the United States Constitution he is entitled to be
6  indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P.
7  7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges
8  set forth in the information.  The defendant agrees that at a time set by the Court, he will sign a written
9  waiver of prosecution by Indictment and consent to proceed by superseding information rather than by
10  indictment.

11          2.     Remand.

12       The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. §
13  3143(a)(2), and he agrees that he will remain in custody.

14  **B.    Restitution.**

15       The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of
16  certain offenses.  The defendant agrees the conduct to which he is pleading guilty requires mandatory
17  restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and agrees to pay restitution: (1) to the victim of
18  the fraud scheme charged in the original information, Holt of California, for the total loss to Holt of
19  California as a result of the scheme in the amount of $4,542,236.08; (2) to the victim J.P. Morgan Chase,
20  for the total loss to J.P. Morgan Chase as a result of the scheme in the amount of $252,038; and (3) to
21  the victim Exchange Bank, for the total loss to Exchange Bank as a result of the scheme in the amount
22  of $278,514.  Restitution payments shall be by cashier's or certified check made payable to the Clerk of
23  the Court.

24  **C.    Fine.**

25       The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a
26  fine, and that no fine should be imposed.  The defendant understands that it is his burden to affirmatively
27  prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury
28  to the Probation Officer and the government in advance of the issuance of the draft Presentence

Investigation Report, along with supporting documentation.  The government retains the right to oppose the waiver of a fine.  If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.  Any fine payments shall be by cashier's or certified check made payable to the Clerk of the Court.

**D.      Special Assessment.**

The defendant agrees to pay a special assessment of $300—$100 for each count of conviction— at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.      Violation of Supplemental Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this supplemental plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this supplemental plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the supplemental plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice.  Varying from the stipulated sentencing recommendation, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.    Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).  Those assets include, but are not limited to, the following:

1.    Approximately $3,000 in bitcoin; and

2.    A money judgment in the amount of $4,894,551.61.

The defendant agrees that the listed assets constitutes property involved in, or proceeds of violations of 18 U.S.C. 1343 and 18 U.S.C. § 1956(a)(1)(B)(i) as charged in the original information. The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

SUPPLEMNETAL PLEA AGREEMENT                5

transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant also voluntarily stipulates and agrees that as part of his sentence the Court may, pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to $4,894,551.61, less any forfeited funds.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G.   Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

///

///

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), and VII.B (Waiver of Appeal and Collateral Attack) herein.

#### B.   Recommendations.

##### 1.   Incarceration Range.

The government and the defendant will jointly recommend that the defendant be sentenced to a total term of 120 months in prison.  The parties will jointly recommend sentences of 108 months on each of the counts of conviction in the original and superseding information, to be run concurrently.  The parties will also jointly recommend, pursuant to 18 U.S.C. § 3147, that the Court impose an additional sentence of 12 months in prison to run consecutively to the 108-month terms imposed on the other counts.  The government will not move for a reduction of defendant's sentence, pursuant to U.S.S.G. § 5K1.1, in light of the defendant's breach of the original plea agreement.

#### C.   Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, False Statements, in violation of 18 U.S.C. § 1014:

> First, the defendant made a false statement to a federally insured
> financial institution, to wit, Exchange Bank;

SUPPLEMNETAL PLEA AGREEMENT                    7

1           Second, the defendant made the false statement to Exchange Bank

2           knowing it was false; and

3           Third, the defendant did so for the purpose of influencing in any

4           way the action of Exchange Bank.

5          The defendant fully understands the nature and elements of the crime charged in the superseding

6    information to which he is pleading guilty, together with the possible defenses thereto, and has discussed

7    them with his attorney.

8                   **V.**     **MAXIMUM SENTENCE**

9          **A.**    **Maximum Penalty.**

10         The maximum sentence that the Court can impose for violation of 18 U.S.C. § 1014, False

11   Statements, is 30 years of incarceration, a fine of $1,000,000, a 5-year period of supervised release and a

12   special assessment of $100.  These penalties could be in addition to the sentence the Court can impose

13   on the defendant's existing convictions for Wire Fraud, in violation of 18 U.S.C. § 1343, and Money

14   Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as set forth in the original plea agreement.  In

15   addition, pursuant to 18 U.S.C. § 3147, the Court may impose an additional consecutive sentence of up

16   to 10 years in prison for committing an offense while on release.  By signing this supplemental plea

17   agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss

18   caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not

19   restricted to the amounts alleged in the specific count to which he is pleading guilty.  The defendant

20   further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy

21   proceeding any restitution imposed by the Court.

22         **B.**    **Violations of Supervised Release.**

23         The defendant understands that if he violates a condition of supervised release at any time during

24   the term of supervised release, the Court may revoke the term of supervised release and require the

25   defendant to serve up to 3 additional years of imprisonment.

26                 **VI.**    **SENTENCING DETERMINATION**

27         **A.**    **Statutory Authority.**

28         The defendant understands that the Court must consult the Federal Sentencing Guidelines and

SUPPLEMNETAL PLEA AGREEMENT      8

1  must take them into account when determining a final sentence.  The defendant understands that the

2  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

3  Sentencing Guidelines and must take them into account when determining a final sentence.  The

4  defendant further understands that the Court will consider whether there is a basis for departure from the

5  guideline sentencing range (either above or below the guideline sentencing range) because there exists

6  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

7  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

8  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

9  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

10  The government and the defendant shall recommend that the Court sentence the defendant to a

11  total term of 120 months in prison.  The defendant acknowledges that if the defendant requests or

12  suggests in any manner a different sentence than 120 months in prison, that will be considered a

13  violation of the supplemental plea agreement.  The government's remedies and remaining obligations in

14  this agreement shall be as outlined in paragraph II.E, above.

### VII.   WAIVERS

#### A.   Waiver of Constitutional Rights.

17  The defendant understands that by pleading guilty he is waiving the following constitutional

18  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

19  be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

20  defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

21  conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

22  testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

23  compelled to incriminate himself.

#### B.   Waiver of Appeal and Collateral Attack.

25  The defendant understands that the law gives the defendant a right to appeal his guilty plea,

26  conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to

27  appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

28  exceed the statutory maximum for the offense to which he is pleading guilty.  The defendant

understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C.    Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D.    Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including offenses to which the defendant is pleading guilty.  The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an

1  aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. §

2  1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings

3  to avoid or delay removal, it is virtually certain that defendant will be removed.  Removal and other

4  immigration consequences are the subject of a separate proceeding, however, and defendant understands

5  that no one, including his attorney or the district court, can predict to a certainty the effect of his

6  conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

7  regardless of any immigration consequences that his plea may entail, even if the consequence is his

8  automatic removal from the United States.

9

10  **VIII.    ENTIRE PLEA AGREEMENT**

11  The defendant has breached the original plea agreement.  ECF No. 16.  The defendant remains

12  bound by its terms, unless or insofar as they have been modified by this Supplemental Plea Agreement.

13  Other than the original plea agreement and this supplemental plea agreement, no agreement,

14  understanding, promise, or condition between the government and the defendant exists, nor will such

15  agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the

16  defendant, counsel for the defendant, and counsel for the United States.

17

18

19  **IX.    APPROVALS AND SIGNATURES**

20  **A.    Defense Counsel.**

21  I have read this supplemental plea agreement and have discussed it fully with my client.  The

22  supplemental plea agreement accurately and completely sets forth the entirety of the agreement.  I

23  concur in my client's decision to plead guilty as set forth in this plea agreement.

24  Dated: 5/11/2022

25  CANDICE FIELDS
    Attorney for Defendant Kevin Lee Co

26

27

28

SUPPLEMNETAL PLEA AGREEMENT          11

1

**B.**   **Defendant:**

2   I have read this supplemental plea agreement and carefully reviewed every part of it with my

3   attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and

4   fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to

5   my case. No other promises or inducements have been made to me, other than those contained in the

6   original plea agreement and this supplemental plea agreement. In addition, no one has threatened or

7   forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of

8   my attorney in this case.

9   Dated: 5-6-2022                                   _Kevin Co_  5-6-2022

10                                                     KEVIN LEE CO
                                                      Defendant
11

12

13

14   **C.**   **Attorney for the United States:**

15   I accept and agree to this supplemental plea agreement on behalf of the government.

16   Dated: 5/12/2022                                  PHILLIP A. TALBERT
                                                      United States Attorney
17

18                                                     _Brian A. Fogerty_
                                                      BRIAN A. FOGERTY
19                                                     Assistant United States Attorney

20

21

22

23

24

25

26

27

28

SUPPLEMNETAL PLEA AGREEMENT          12

EXHIBIT "A"

Factual Basis for Plea

From in or around April 2020, through in or around January 2021, KEVIN LEE CO engaged in a scheme to defraud federally insured financial institutions by submitting false statements to qualify for loans that were part of the Paycheck Protection Program ("PPP"). CO engaged in this fraud scheme after being released from custody under the Bail Reform Act, 18 U.S.C. §§ 3142, et seq., and while awaiting sentencing on Wire Fraud and Money Laundering charges arising from his separate scheme to defraud his former employer, Holt of California. CO's fraud scheme targeting Holt of California caused a loss in the amount of $4,894,551.61.[1] As a result of CO's PPP fraud scheme, financial institutions suffered a total loss of $530,552.

At all times relevant, CO was the sole owner of Apollo HP, Inc. (doing business as Apollo Home Performance) (hereinafter, "Apollo"), a Rocklin, California-based company that purported to sell generators, windows, and residential solar panels.

On or about April 7, 2020, CO applied for a PPP loan from J.P. Morgan Chase, which was then insured by the Federal Deposit Insurance Corporation. The loan was purportedly for Apollo. CO requested a loan in the amount of $252,038.

In the loan application, CO falsely concealed his ownership interest in Apollo because disclosing that fact would have caused J.P. Morgan Chase to deny the loan. Question 5 in the loan application requires the applicant to disclose whether "the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant [is] subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction." Question 6 in the loan application also requires the applicant to disclosure whether "[w]ithin the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including before judgment)." The application states: "If questions (5) or (6) are answered 'yes,' the loan will not be approved."

---

[1] This Factual Basis incorporates by reference the Factual for Pleas signed and submitted by CO in connection with his guilty plea on December 8, 2016. *See* ECF No. 16 at 15-18.

1      Therefore, in order to conceal the facts that (1) CO owned more than 20% of Apollo, (2) was

2  subject to a criminal information in *United States v. Co*, 2:16-CR-167-TLN (E.D. Cal.), and (3) had

3  pleaded guilty to two felonies on December 8, 2016, to wit, Wire Fraud in violation of 18 U.S.C. § 1343,

4  and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), CO falsely submitted the

5  application under his wife's name.  CO also falsely represented that Person 1 held a 90% ownership

6  interest in Apollo and served as Apollo's chief financial officer.  Without Person 1's authorization, CO

7  listed the last four digits of Person 1's social security number and Person 1's home address.  In truth and

8  in fact, CO was the sole owner of Apollo and Person 1 was not the chief financial officer.  As a result of

9  CO's false statements, J.P. Morgan Chase approved the loan in the amount of $252,038.

10      On or about January 11, 2021, CO applied for a PPP loan from Exchange Bank, which was then

11  insured by the Federal Deposit Insurance Corporation.  The loan was purportedly for Apollo.  CO

12  requested a loan in the amount of $278,514.

13      In CO's second PPP loan application, he fraudulently concealed the fact that he had pleaded

14  guilty to Wire Fraud and Money Laundering in the preceding 5 years.  Question 5 in the loan application

15  states: "Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false

16  statement in a loan application or an application for federal financial assistance . . . has the Applicant (if

17  an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo

18  contendere; or commenced any form of parole or probation (including probation before judgment?"  The

19  loan application states: "If questions (1), (2), (4), or (5) are answered 'yes,' the loan will not be

20  approved."  CO falsely checked the "No" box next to Question 5, concealing the fact that on December

21  8, 2016, he pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343, in *United States v. Co*, 2:16-

22  CR-167-TLN (E.D. Cal.).  CO made this false statement to cause Exchange Bank to approve the loan.

23  And as a result of CO's false statement, Exchange Bank approved the loan in the amount of $278,514.

24      CO engaged in the foregoing conduct while on release pending sentencing in *United States v.*

25  *Co*, 2:16-CR-167-TLN (E.D. Cal.).

26  ///

27  ///

28  ///

1    I have read and carefully reviewed the Factual Basis for Pleas with my attorney.  I agree that as it

2  concerns my conduct it is true and correct.  I also agree that if this matter proceeded to trial, the United

3  States could establish each of the facts contained within the Factual Basis for Pleas beyond a reasonable

4  doubt, and that those facts satisfy the elements of the offense to which I am pleading guilty.

5    Dated: 5-6-2022

6                                                    KEVIN LEE CO
                                                     Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                          A-3