UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LEE CO,<br><br>Defendant. | No. 2:16-cr-00167-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Kevin Lee Co's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 122.) The Government filed an opposition. (ECF No. 125.) Defendant did not file a reply.[1] For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///

---

[1] After the Government twice failed to properly serve Defendant, the Court extended Defendant's time to file a reply to November 2, 2023. (ECF Nos. 135, 154.) Defendant has not filed a timely reply as of the date of this Order.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2016, Defendant pleaded guilty to Counts One and Nine of an eleven-count Information. (ECF Nos. 13, 16.) Count One charged wire fraud in violation of 18 U.S.C. § 1343 and Count Nine charged money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). On May 12, 2022, Defendant pleaded guilty to the sole count of a Superseding Information charging false statements in violation of 18 U.S.C. § 1014. (ECF Nos. 105, 108.) On August 25, 2022, the Court sentenced Defendant to a 120-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF Nos. 117, 118.) The Court also ordered Defendant to pay over $5 million in restitution. (*Id.*) Defendant is currently serving his sentence at FCC-Lompoc. Defendant has served approximately 25 months of his 120-month sentence, and his projected release date is February 5, 2030. (ECF No. 125-1 at 4.) On June 12, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release. (ECF No. 122.)

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Defendant has failed to show he has met the threshold exhaustion requirement. Defendant has not provided the Court with evidence that he first submitted this request to the warden. For its part, the Government provides evidence showing the BOP never received such a request from Defendant. (ECF No. 125 at 5.) Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny his motion without reaching the merits. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[The] administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.").

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 122.)

IT IS SO ORDERED.

DATE: November 29, 2023

Troy L. Nunley
United States District Judge