UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LEE CO,<br><br>Defendant. | No. 2:16-cr-00167-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Kevin Lee Co's ("Defendant") Motion for a Reduction in Sentence. (ECF No. 173.) The Court referred the motion to the Office of the Federal Defender ("FDO") pursuant to General Order 670. (ECF No. 174.) The FDO filed a notice of non-representation. (ECF No. 175.) The Government filed an opposition. (ECF No. 176.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's Motion.

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2016, Defendant pleaded guilty to one count of wire fraud and one count of money laundering. (ECF No. 13, 16.) On May 10, 2022, the Government filed a superseding information charging Defendant with false statements made while on federal release pending sentencing. (ECF No. 100.) Defendant later pleaded guilty to one count of false statements pursuant to a supplemental plea agreement. (ECF No. 105.) As part of the plea agreement, the Defendant and the Government stipulated to a 120-month term of imprisonment. (ECF No. 108 at 7.) The applicable guideline range at sentencing was 121 to 151 months for an offense level of 31 and a criminal history category of II. (ECF No. 160 at 9.) On August 18, 2022, the Court sentenced Defendant to a total term of 120 months. (ECF Nos. 117, 118.) On March 18, 2024, Defendant sustained a 100-level disciplinary incident for possessing a hazardous tool. (ECF No. 176-1 at 4.) Defendant's current projected release date is September 2, 2028. (ECF No. 176-1 at 3.)

On February 13, 2025, Defendant, proceeding *pro se*, filed the instant Motion for a Reduction in Sentence under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821.[1] (ECF No. 173.)

### II. STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed

---

[1] Defendant also has a pending Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255, which was referred to the Magistrate Judge for review and will be resolved separately. (ECF Nos. 129, 130.)

lowers Defendant's guidelines range. *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case. *Id.*

### III. ANALYSIS

At the outset, the parties agree that application of the amended status point provision, U.S.S.G. § 4A1.1(e), reduces Defendant's criminal history category from II to I resulting in an amended guideline range from 121–151 months in prison to 108–135 months in prison. (ECF No. 173 at 3; ECF No. 176 at 7.) Instead, the parties dispute whether the Court should exercise its discretion and reduce Defendant's sentence. Given this, the Court turns to step two — whether a reduction is warranted under the applicable § 3553(a) factors.

Defendant argues a reduction in sentence to 108 months or lower is warranted under several different § 3553(a) factors. (ECF No. 173 at 3–4.) First, according to Defendant, his three conviction offenses do not constitute crimes of violence, and he has accepted full responsibility for his single misdemeanor offense. (*Id.* at 3.) Second, Defendant argues he poses only minimal risk of recidivism and therefore his sentence is unnecessary to "afford adequate deterrence" or "protect the public from further crimes of the defendant." (*Id.* (quoting § 3553(a)).) Third, Defendant states he voluntarily transferred to a new facility in Leavenworth, Kansas to participate in an RDAP addiction treatment program even though it meant he is now physically much farther from his wife and children. (*Id.*) Fourth, Defendant contends that given he was previously sentenced on the low-end of the prior applicable guideline range, his sentence should be adjusted to fall on the low-end of his amended guideline range or even lower. (*Id.*) Finally, Defendant states he has already managed to pay approximately $600,000 in restitution to his former employer, which he argues demonstrates his "commitment to fulfilling his financial obligations" as well as his commitment to "making amends for his misconduct." (*Id.* at 4.) According to Defendant, the sooner he is released, the sooner he can find employment and resume his restitution payments. (*Id.*)

In opposition, the Government argues Defendant's repeat criminal conduct was "egregious and brazen." (ECF No. 176 at 8.) The Government contends Defendant's offense

1    was "not a brief lapse of judgment, but an ongoing deliberate fraud he carried out for over 7
2    years" which even went undetected by an outside CPA firm that audited Defendant's former
3    company. (*Id.* (citing ECF No. 112 ¶¶ 7–15, 39).) Further, the Government argues Defendant
4    has shown a continued disrespect for the law through his decision to commit another financial
5    crime while on release and through his most recent disciplinary incident while in custody. (*Id.*)
6    In response to Defendant's argument that he is classified as a minimum risk for recidivism, the
7    Government states Defendant's past pattern of repeat fraud is a "more accurate predictor" of
8    Defendant's likelihood of recidivism. (*Id.*) Finally, in support of its opposition, the Government
9    submits a letter from Defendant's victim who asks the Court not to reduce Defendant's sentence.[2]
10   (*Id.* at 9; ECF No. 176-2.)

11         After considering the § 3553(a) factors, the Court declines to reduce Defendant's
12   sentence. Defendant's offense was extremely serious. Defendant abused his position of trust as
13   the controller of a company to conduct hundreds of unauthorized credit card transactions that
14   resulted in a total loss to the company of $4,894,551.61. (ECF No. 112 ¶¶ 7–16.) Defendant's
15   transactions included approximately $1 million on an online game, season tickets to the
16   Sacramento Kings, San Francisco 49ers, and San Francisco Giants, landscaping services, plastic
17   surgery expenses, and more. (*Id.* ¶ 15.) As this Court emphasized during sentencing,
18   Defendant's original sentence was a gift because the Government could have requested a much
19   longer sentence. (ECF No. 160 at 20.)

20         While the Court commends Defendant on the amount of restitution he has already paid
21   and for taking steps towards recovery such as enrolling in the RDAP program, the Court finds
22   these steps do not warrant the reduction Defendant seeks. While Defendant argues his crimes
23   were not "crimes of violence," his crimes were calculated, prolonged, and resulted in a deep
24   breach of trust that even led his victim to submit a statement opposing his sentence reduction.
25   (ECF No. 176-2.) As such, the Court, in its discretion, denies Defendant's motion.

---

[2] The Government also argues Defendant's request to lower his sentence below 108 months because Defendant did not provide substantial assistance and U.S.S.G. § 1B1.10 prohibits this request. (ECF No. 176 at 6–7.) Because the Court finds no reduction is warranted, the Court does not address this argument.

4

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to reduce his sentence (ECF No. 173) is DENIED.

IT IS SO ORDERED.

Date: July 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE