UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>KEVIN LEE CO,<br><br>　　　　　Movant. | No. 2:16-cr-0167-TLN-CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Movant Kevin Lee Co is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 129.) The motion is fully briefed. For the reasons discussed below, the motion should be denied.

　　　　**I.　　Background**

　　　　In 2016, the United States charged movant by information with multiple counts of wire fraud and money laundering based on unauthorized transactions on the credit account of movant's employer. (ECF No. 1.) On December 8, 2016, movant entered a guilty plea to count one, wire fraud, and count nine, money laundering. (ECF Nos. 13, 16.)

　　　　Under the plea agreement, movant agreed to plead guilty to those two counts in exchange for the government's agreement to move for dismissal of the remaining counts at the time of sentencing. (ECF No. 16 at 2, 6.) The United States agreed to recommend a reduction in offense level for acceptance of responsibility and a reduction in sentence if movant provided substantial

1

assistance. (Id. at 7.) The United States also agreed to recommend a sentence at the low end of the applicable sentencing guidelines. (Id. at 7, 11.) Under the agreement, movant could request a variance from the Sentencing Guidelines and argue for any sentence he deemed appropriate. (Id. 11.)

The plea language provided the agreement "is voidable at the option of the government" upon movant's violation of the plea agreement. (ECF No. 16 at 3-4.) And further, "[a] defendant violates the plea agreement by committing any crime[.]" (Id. at 4.)

Prior to sentencing, in 2022, the United States filed a superseding information charging movant with one count of making a false statement in connection with an application for a $278,514.00 pandemic benefits loan under the Paycheck Protection Program ("PPP"). (ECF No. 100.) On May 12, 2022, pursuant to a supplemental plea agreement, movant pleaded guilty. (ECF Nos. 105, 108.)

The introduction to the supplemental plea agreement stated the following, in relevant part:

> Since pleading guilty to [wire fraud and money laundering], the defendant breached the original plea agreement by committing the crime charged in the superseding information while on release pending sentencing. This document now contains additional terms to supplement the original plea agreement between the [United States] and the defendant regarding this case, which the defendant has now breached. The defendant is still obligated to comply with the terms of the original plea agreement, except where those terms are modified or superseded in this document.

(ECF No. 108 at 1-2.)

The supplemental plea agreement bound the parties to jointly recommend that movant receive a 120-month sentence consisting of concurrent 108-month terms for the wire fraud and money laundering and the false-statement offense and a consecutive 12-month term for committing the false-statement offense while on release pending sentencing. (ECF No. 108 at 7.) The supplemental plea agreement provided that the United States would no longer recommend a sentence reduction for providing substantial assistance. (Id.)

On August 18, 2022, the court sentenced movant and imposed the jointly recommended 120-month sentence. (ECF No. 117.)

////

Movant filed his motion to vacate, set aside, or correct the sentence on August 11, 2023, and the presiding district judge referred the motion to the undersigned for review. (ECF Nos. 129, 130.) Movant requests the following relief: (1) vacate his sentence; (2) set aside his guilty plea to the false-statement offense; and (3) be resentenced on the wire fraud and money laundering offenses as contemplated by his initial plea agreement. (ECF No. 129 at 12.) The motion raises four grounds, including three grounds asserting ineffective assistance of counsel and one ground asserting prosecutorial misconduct. (See id. at 4-8.) The government opposed the motion. (ECF No. 162.) Movant filed a reply. (ECF No. 172.)

### II. Movant's Claims

#### A. Ineffective Assistance of Counsel ("IAC")

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer. See Lafler v. Cooper, 566 U.S. 156, 162 (2012); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). There are two components to an ineffective assistance of counsel claim: deficient performance and prejudice. See Stanley v. Cullen, 633 F.3d 852, 862 (9th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Deficient performance means representation that "fell below an objective standard of reasonableness[.]" Stanley, 633 F.3d at 862 (citing Strickland, 466 U.S. at 688).

In order to show prejudice, movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. With respect to an attack on a guilty plea, the degree of prejudice which must be shown is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial. Hill, 474 U.S. at 56-59.

#### 1. IAC –Supplemental Plea (Ground One)

Movant asserts he has affirmative defenses which prove he is factually innocent of the false statement charge at issue in the supplemental plea agreement to the superseding information. (ECF No. 129 at 4.) Specifically, he now asserts he was not an owner of the subject entity at the time of the PPP loan application. (Id. at 5.) Movant alleges he informed appointed counsel that his

3

loan application statements were true and correct, but appointed counsel erroneously advised he could not plead guilty to the 2016 information and plead not guilty to the superseding information. (Id.) Therefore, movant states, his guilty plea to the latter information was not knowing or voluntary. (Id. at 4.)

Respondent argues this claim is vague and fails to assert counsel gave movant incorrect advice because counsel's advice can be interpreted in two ways: "First, it could mean that counsel told Co that the initial plea agreement compelled him to plead guilty to the false-statement charge. Second, it could mean that counsel told Co that he could not simultaneously contest the false-statement charge and receive the benefit of the initial plea agreement." (ECF No. 162 at 5.)

This claim is vague as to the specific advice counsel gave movant regarding not being able to plead guilty to the 2016 information and not guilty to the superseding information. The motion itself contains no further supporting facts or description of counsel's advice on this point. However, the record squarely contradicts a claim that movant understood counsel to be advising him he had to plead guilty to the false-statement charge. During movant's plea colloquy for the false-statement charge, the Court placed movant under oath, stating "there are a number of questions I will ask you to make sure this is a valid plea. If you do not understand any of the questions I ask you or if at any time you need to speak with your attorney, please say so. It's very important that you understand each question before you answer." (ECF No. 162-1 at 5.) Movant responded that he understood. (Id. at 6.) Later in the plea colloquy, the Court specifically asked movant, "do you understand that at this time you have a right to continue to plead not guilty to this offense?" (Id. at 16.) Movant responded, "Yes." (Id.)

In addition, movant's declaration submitted in support of his reply argument supports the second interpretation, that counsel stated he could not simultaneously contest the false-statement charge and receive the benefit of the initial plea agreement. Movant's declaration states appointed counsel, Ms. Fields, "informed me that there was no way for me to challenge the false-statement charge without 'blowing up' the entire 2016 plea agreement…." (ECF No. 172 at 8, ¶ 11.)

Given the language in the original plea agreement, and the superseding information charging movant with a new offense, it was not deficient performance for counsel to conclude the

4

1  government's position was that movant had breached the plea agreement by committing a new
2  crime and that the government considered the plea agreement voidable at its option. While
3  movant now disputes that he committed a new crime and thus breached the agreement, counsel
4  reasonably advised he could no longer receive the benefits of the initial plea agreement in the
5  form of the government's recommendations and request for dismissal of multiple counts at
6  sentencing. See United States v. Livar, 108 F.4th 738, 744 (9th Cir. 2024) (holding that due
7  process does not require the government to seek or receive a judicial determination whether
8  defendant failed to comply with a plea agreement by committing a new crime before it submits a
9  sentencing recommendation that differs from the terms of the agreement"). Advice that movant
10 could not receive the benefit of the initial plea agreement while contesting the false-statement
11 charge was within the range of competence demanded of attorneys in criminal cases.
12      Even if movant could establish deficient performance, he fails to show prejudice. Movant
13 asserts he would have gone to trial if advised differently. The Supreme Court has instructed
14 "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about
15 how he would have pleaded but for his attorney's deficiencies," and "should instead look to
16 contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United
17 States, 582 U.S. 357, 358 (2017).
18      Movant signed a factual basis in the supplemental plea agreement that detailed his guilt.
19 (ECF No. 108 at 13-15.) During his plea colloquy, movant told the Court he had read and signed
20 the factual basis and agreed it described his conduct. (Id. at 18-19.) At sentencing, movant stated
21 he "used terrible judgment by not thinking through the ramifications of answering the questions
22 on the PPP application falsely." (ECF No. 162-1 at 36.) And further, "[n]ow I am paying the
23 ultimate price. I've lost my cooperation credits for my previous case, and I've added more time to
24 my sentence…." (Id.) The record does not support movant's allegations in the section 2255
25 motion that he would have gone to trial on the false-statement charge if his counsel had given him
26 different advice.
27      Movant's reply filed in support of his section 2255 motion contains additional arguments
28 not included in the motion. The court need not consider arguments raised for the first time in a

1 | reply brief. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). In this instance, though, the
2 | undersigned considers and rejects the additional arguments.

3 |     At the outset, movant's declaration suggests he incorrectly believes he had the option to enter a guilty plea to just one count of wire fraud and one count of money laundering even if the government voided the plea agreement. (ECF No. 172 at 9, ¶¶ 14, 13.) To the contrary, movant faced a total of 11 counts in the 2016 information. (ECF No. 1.) Under the initial plea agreement, the government had agreed to move for dismissal of nine counts at the time of sentencing. (ECF No. 16 at 2, 6.) However, the government's position that movant had breached the plea agreement by committing a new offense was clear, and counsel did not perform deficiently by failing to advise movant about an option to enter a guilty plea to just one count of wire fraud and one count of money laundering even if the government voided the plea agreement.

    Under movant's new argument in the reply brief, he did not make any false statement in connection with the $278,514.00 loan because his wife submitted the application and because he did not own the company at the time. (ECF No. 172 at 4.) He states the application correctly "identifies Chief Financial Officer Daniel Day as a holder of a 90% stake in Apollo HP Inc." at the time and "the remaining 10% of Apollo HP, Inc. was owned by Tiffani Co [movant's wife] as her separate property." (Id.) However, the factual basis to the plea directly addresses these contentions.[1]

    Under the factual basis to the plea, in relevant part, movant admitted he "falsely submitted the application under his wife's name." (ECF No. 108 at 14.) He admitted he "falsely represented that Person 1 held a 90% ownership interest in Apollo and served as Apollo's chief financial officer." (Id.) He admitted he "listed the last four digits of Person 1's social security number and Person 1's home address" without Person 1's authorization." (Id.) He admitted he was "[i]n truth and in fact… the sole owner of Apollo and Person 1 was not the chief financial officer." (Id.)

////

---

[1] The supplemental information specifically charged a false statement in connection with the loan application that resulted in the $278,514.00 loan. (ECF No. 108 at 13-14.) A second application for the company submitted by movant was also described in the factual basis for the plea. (Id. at 14-15.)

Movant argues in reply that his appointed counsel did not discuss with him "the elements of the alleged false-statement offense" and instead told him simply that the government was alleging he "lied on PPP applications." (ECF No. 172 at 2.) His declaration states counsel "declined [his] request for assistance" in corroborating movant's non-ownership of the Company and in identifying which statements were alleged to be incorrect. (Id. at 8, ¶10.) He further asserts counsel did not explain the applicable burden of proof if movant were to exercise his right to a jury trial and that he did not understand the government's burden of proof or the elements of the offense. (Id. at 8-10, ¶¶ 6, 15, 27.)

During the plea colloquy for the false-statement charge, the Court asked movant if he understood he could plead not guilty and receive a trial by jury at which the government would have to prove guilt beyond a reasonable doubt. (ECF No. 162-1 at 16.) Movant indicated he understood. (Id. at 17.) The government stated the essential elements of the false-statement offense on the record and the Court instructed movant to "listen carefully... so I can be assured that you understand this charge before I accept your guilty plea." (Id.) Movant agreed he understood the false-information charge. (Id. at 18.) Moreover, as set forth, movant specifically admitted in the factual basis to the plea that he falsely submitted the application under his wife's name and falsely represented ownership.

The record contradicts movant's new argument in reply that his 2022 guilty plea was not knowing and voluntary because he lacked understanding of the elements of the false-statement charge and did not know the alleged conduct on which it was based. Movant fails to show his plea agreement to the superseding information was not knowing and voluntary because of counsel's advice.

### 2. IAC – Sentencing – (Grounds Two and Three)

In ground two, movant argues his appointed counsel erroneously advised he was ineligible to receive a guidelines reduction or any other sentencing consideration for his acceptance of responsibility of the charges in the 2016 information. (ECF No. 129 at 5.) Movant argues counsel failed to advocate at sentencing regarding his extensive acceptance of responsibility. (Id.)

////

7

Movant identifies the following facts about which counsel allegedly failed to advocate on his behalf at sentencing as to his acceptance of responsibility for wire fraud and money laundering: self-reporting his misconduct within a month of its discovery by his then-employer; waiving indictment; "promptly" entering a guilty plea; and making restitution payments. (ECF No. 129 at 5.) However, counsel did bring movant's acceptance of responsibility to the Court's attention. Counsel's sentencing memorandum argued movant has "consistently taken responsibility for his conduct without resistance" from the beginning. (ECF No. 115 at 1.) Counsel noted movant had waived indictment and "entered his guilty plea at the earliest convenience of counsel." (Id.) At the sentencing hearing, the Court acknowledged the arguments presented in counsel's sentencing memorandum. (ECF No. 162-1 at 32.)

Movant's counsel reasonably advocated regarding movant's substantial assistance, and movant fails to show counsel advocated deficiently at sentencing regarding his acceptance of responsibility. Movant also fails to show prejudice. Particularly in light of the agreement for a jointly recommended 120-month sentence, it is not reasonably likely the result of the proceeding would have been different had counsel offered further argument regarding movant's acceptance of responsibility.

In ground three, movant argues counsel erroneously advised that in the absence of a motion by the government, the sentencing judge could not consider his extensive cooperation with federal authorities. (ECF No. 129 at 7.) Movant argues counsel failed to advocate at sentencing regarding his good-faith cooperation efforts in resolving the 2016 charges. (Id.)

However, the first page of defense counsel's sentencing memorandum states movant "did provide substantial assistance to the government." (ECF No. 115 at 1.) And further, "[h]is effort contributed to the conviction" of a defendant in a related case. (Id. at 1-2.). At sentencing, the Court acknowledged movant's argument that he had provided "substantial assistance." (ECF No. 162-1 at 32.)

Movant fails to show counsel advocated deficiently regarding cooperation with the government. The parties had agreed to jointly recommend a sentence of 120 months, and the plea agreement provided the United States would not recommend a reduction in sentence for

substantial assistance. Movant's counsel advocated reasonably regarding substantial assistance. Movant also fails to show prejudice because it is not reasonably likely the result of the proceeding would have been different had counsel offered further argument regarding movant's acceptance of responsibility.

### B. Prosecutorial Misconduct (Ground Four)

Movant asserts the prosecutor "strong-arm[ed]" him into pleading guilty to the superseding information and breached the plea agreement by bringing the false statement charge as a "pretext" to deny him the benefit of the 2016 agreement. (ECF No. 129 at 8.) He argues he "fulfilled his end of the bargain," while the government did not. (Id.) The United States asserts movant waived his right to bring this claim and that it is procedurally defaulted because he did not raise the issue on appeal. (ECF No. 162 at 7-8.)

Movant could have brought a breach of plea claim on appeal. See United States v. Whitney, 673 F.3d 965, 968 (9th Cir. 2012) (vacating sentence on direct appeal for breach of the plea agreement by the U.S. Attorney which resulted in plain error that affected the defendant's substantial rights). Movant did not file an appeal and asserts no reasons why he did not file an appeal. Because movant did not raise his breach of plea claim on direct appeal and has not shown good cause for his failure to raise the claim on appeal or that he is actually innocent of the crimes of which he was convicted, he has procedurally defaulted the claim. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Swisher, 811 F.3d 299, 307 (9th Cir. 2016) (discussing Bousley and explaining "federal prisoners are generally barred from raising claims on collateral review that they could have raised on direct appeal").

In addition, specific to collateral attacks, movant's plea agreement waived "any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255" challenging "any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (ECF No. 108 at 10.) Such a waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021) (addressing appeal waivers); see also United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (a defendant may waive the

statutory right to collaterally attack his sentence or conviction).[2] The language in movant's plea agreement specific to collateral attack encompasses his prosecutorial misconduct claim, which is barred by the collateral attack waiver.

The prosecutorial misconduct claim is also without merit. The leading cases on prosecutorial misconduct are concerned with fairness *at trial*. See e.g. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (considering whether error "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly); United States v. Hermanek, 289 F.3d 1076, 1102 (9th Cir. 2002) (considering whether the "prosecutor's conduct materially affected the fairness of the trial"). Assuming arguendo that prosecutorial misconduct during plea negotiations could justify relief from a conviction, movant fails to assert that such misconduct occurred. "[T]he appropriate standard of review… is 'the narrow one of due process[.]'" Darden, 477 U.S. at 181 (quoting Donnelly, 416 U.S. at 642).

Movant's assertion that he fulfilled his end of the bargain while the government did not is squarely contradicted by the record. (ECF No. 129 at 8.) As discussed above, movant signed a factual basis in the supplemental plea admitting he was guilty of committing a new offense. (ECF No. 108 at 13-15.) This constituted his breach of the 2016 plea, making the agreement "voidable at the option of the government." (ECF No. 16 at 3-4.) Under the circumstances, movant cannot show a breach of his plea agreement by the United States. His further assertions that he was strong-armed into pleading guilty to the superseding information and that the new charge was a pretext are conclusory, unsupported, and subject to summary dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal). In sum, movant cannot show breach of his plea agreement by the United States and his prosecutorial misconduct claim fails.

////

---

[2] Claims that the plea or waiver was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary, such as movant's ground one discussed above, cannot be waived. Abarca, 985 F.2d at 1014; Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 54 U.S. 1074 (2006).

### III. Conclusion

For the reasons set forth above, the record of this case conclusively demonstrates movant is not entitled to relief. See 28 U.S.C. § 2255(b). The issues raised in the motion do not warrant an evidentiary hearing. See United States v. Mejia–Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief."); Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (district court was not required to grant an evidentiary hearing in denying a "clearly inadequate" allegation in a § 2255 motion).

In accordance with the above, IT IS RECOMMENDED as follows:

1. Movant's August 11, 2023, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 129) be denied.

2. The Clerk of the Court be directed to close the companion civil case No. 2:23-cv-01711-TLN-CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 17, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 co16cr0167.257

11